IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT

| | | |
|---|---|---|
| **TERRY GOULD** | ) | CIVIL N0. _____ |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | JUDGE _____ |
| | ) | |
| **LIFE INSURANCE COMPANY OF** | ) | |
| **NORTH AMERICA** | ) | |
| | ) | |
| Defendant. | ) | MAG: _____ |

## **COMPLAINT**

1. Plaintiff, Terry Gould, brings this action against Life Insurance Company of North America for violation of the Employment and Retirement Income Security Act of 1974, as amended, 29 *U.S.C. §*1001, *et seq.*, ("ERISA"). Mr. Gould was a participant in the plan, an ERISA welfare benefit plan, as administered by <u>Life Insurance Company of North America</u>. This Complaint challenges the Defendant's unlawful denial of Mr. Gould's request for long-term disability benefits despite medical evidence demonstrating his qualification for said benefits. Mr. Gould is filing this action to recover benefits due under a policy of insurance to enforce the present rights existing therein, to declare his rights under the terms of the policy, and to recover costs and attorney's fees as provided by ERISA.

## Jurisdiction

2. This Court has personal and subject matter jurisdiction over this case pursuant to 29 U.S.C. §1132(e) and (f) because of Defendant's breach of its ERISA obligation to him.

3. Plaintiff, Terry Gould, is a resident of the State of Louisiana, residing in Tullos, Louisiana.

4. Plaintiff, Terry Gould, at all times pertinent, was a participant within the meaning of 29 U.S.C. §1002(2)(7) in the group long-term disability ("LTD") plan that was issued by Life Insurance Company of North America, and Terry Gould's employer, Plains All American GP, LLC.

5. Plaintiff, Terry Gould, has standing to bring this action pursuant to ERISA, 29 U.S.C. §1132(a).

6. Defendant, Life Insurance Company of North America has its corporate headquarters located at 1601 Chestnut Street, TLP23B, Philadelphia, PA 19192. The Plan was administered by Cigna Group Insurance Company.

7. Defendant is a for-profit corporation and does business in the State of Delaware, deriving revenue from its business it conducts in Delaware.

8. The plan under which the Plaintiff is suing is a group disability plan maintained by Plains All American GP LLC, ("the Company") and fully insured by a contract of insurance issued by Life Insurance Company of North America.

9. Up until December 24, 2013, Plaintiff was working full-time for the Company. His last employment was in LaSalle Parish, Louisiana. He has not worked since that time.

10. The Plan's covered class includes Plaintiff, Terry Gould.

11. As a full-time employee, Mr. Gould became insured under the Plan.

12. The policy provides for the Plaintiff Long Term Disability benefits to cover the employees who meet all contractual provisions, including the definition of disability.

13. The terms of the group policy defining disability are: "unable to perform the material duties of his or her regular occupation". There is a 180-day elimination period. The disability benefits are 66.67% of the employee's monthly covered earnings rounded to the nearest dollar of the maximum disability benefit.

14. Plaintiff last worked for the Company on or about December 24, 2013, and has been unable to return to his former job since that time.

15. On June 26, 2014, Plaintiff reached his 26th week of Short Term Disability benefits. At that time, CIGNA Group Insurance transitioned Plaintiff's claim for consideration of eligibility for long-term disability benefits. In the process of this transition, CIGNA Group Insurance requested Plaintiff provide them with proof of his age as well as a signed Disclosure Authorization form, which he provided them.

16. That application was denied on July 17, 2014.

17. Plaintiff filed an appeal to his denial of benefits on August 22, 2014.

18. The initial appeal was denied on November 17, 2014.

19. The primary grounds of denying the benefits was that Mr. Gould's records submitted by his treating providers does not medically support physical functional deficits or limitations and, therefore, does not support his disability from performing the material duties of his occupation.

20. In November of 2014, Defendant turned down Plaintiff's final appeal.

21. The Defendant funds the plan that it administers.

22. As a result of the Defendant's improper denial of Plaintiff's disability benefits, he has not received any disability payments since June 26, 2014.

23. Terry Gould was awarded Social Security and medical benefits on October 27, 2014 due to his December 24, 2013 injury.

24. As a result of Defendant's denial of his disability benefits, Plaintiff was required to pay for COBRA medical insurance benefits at his own expense until he was awarded Social Security disability benefits and obtained Medicare coverage on June 16, 2016.

25. The Defendant has improperly denied Plaintiff his benefits in the following manner:

    a) It failed to acknowledge the findings of the treating physician who indicated that Mr. Gould was unable to work;

    b) It failed to take into consideration the fact that Plaintiff was awarded Social Security disability benefits;

    c) It failed to take into account the medical records of the treating physicians;

    d) It evaluated the medical and vocational evidence in a biased manner.

26. The Defendant's denial of long-term disability benefits is a violation of 29 *U.S.C.* §1132(a)(1).

WHEREFORE, Plaintiff, Terry Gould, prays for the following relief:

   a) Declaratory relief that he is entitled to disability benefits, past and present, plus interest;

   b) Reasonable attorney fees and costs pursuant to 29 *U.S.C.* §1132(a);

   c) Reimbursement for all COBRA expenses;

d) Alternatively, a remand requiring Life Insurance Company of North America to consider all of the evidence and how it impacts upon Plaintiff's ability to work; and

e) Any other relief that this Honorable Court deems appropriate.

W. MARK McKEE (#22518)
P.O. Box 1628
Columbia, Louisiana 71418
Phone (318) 649-2622
Fax (318) 649-2085
***Counsel for Terry Gould***